EDWARD A. TREDER
State Bar No. 116307
THOMAS K. AGAWA
State Bar No. 175952
BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP
20955 Pathfinder Road, Suite 300
Diamond Bar, California 91765
Tel: (626) 371-7032
Email: ThomasA@BDFGroup.com

Attorneys for Defendant NDeX WEST, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| CHRISTOPHER J. SOLBERG,<br><br>    Plaintiff,<br><br>    v.<br><br>NDEx West, L.L.C.; WACHOVIA MORTGAGE; WELLS FARGO BANK, FSB; and DOES 1 through 20, inclusive,<br><br>    Defendants. | CASE NO.: 3:10-cv-04600-JL<br><br>**DEFENDANT NDeX WEST, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Dept: F<br>Hon. James Larson<br>450 Golden Gate Ave., 15th Floor, San Francisco, CA<br>Tel: (415) 522-3018 |

Defendant NDeX WEST, LLC ("Defendant"), for itself alone and for no other defendant, answers plaintiff CHRISTOPHER J. SOLBERG's, an individual ("Plaintiff") first amended complaint ("1st Amended Complaint") as follows:

\\\

Case4:10-cv-04600-SBA Document10 Filed10/25/10 Page2 of 9

## I.

## GENERAL DENIAL.

Pursuant to Fed. R. Civ. P. 8(b) (3), Defendant, in good faith, generally denies each and every allegation of the 1st Amended Complaint, as it pertains to it, and denies generally and specifically that the Plaintiff has been damaged in the sum or sums alleged, or in any other sum, or at all, as a result of the acts and/or omissions of Defendant, as alleged in the 1st Amended Complaint.

## II.

## AFFIRMATIVE DEFENSES.

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1. The causes of action alleged in the 1st Amended Complaint are barred in whole, or in part, by Plaintiff's failure to state facts sufficient to constitute a cause of action or causes of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

(Failure to Mitigate)

2. By the exercise of reasonable efforts, Plaintiff could have mitigated the amount of damages allegedly sustained by him, including, but not limited to, paying the amount of the loan when due and in a timely fashion and/or otherwise not defaulting under the terms of the loan agreements and deed of trust.

DEFENDANT NDeX WEST, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. 3:10-cv-04600-JL

2

### THIRD AFFIRMATIVE DEFENSE

(Waiver/Estoppel)

3. Plaintiff is estopped, by his word, conduct and/or written document, including but not limited to Plaintiff's tacit acquiescence in the conduct and/or omissions forming the crux of his claims against Defendant, by, including, but not limited to, accepting the considerable benefits of the loan made to Plaintiff and/or by continuing to occupy the real property forming the security for the loan without adequate payment therefore.

### FOURTH AFFIRMATIVE DEFENSE

(Laches)

4. The causes of action alleged in the 1st Amended Complaint are barred in whole, or in part, by the doctrine of laches, particularly as Plaintiff knew, or should have known, of the salient misconduct constituting the foundation of his claims in or about 2007, yet, for reasons unknown, Plaintiffs knowingly, deliberately and intentionally, without reason rooted in conscience or logic, elected to take no action until years later, when many of the events, percipient witnesses and evidence had dissipated like dust in the wind.

### FIFTH AFFIRMATIVE DEFENSE

(Set-off/Off-set)

5. The causes of action alleged in the 1st Amended Complaint are subject to an offset of the aggregate of the outstanding amount due consisting of principal, interest and late charges, including, but not limited to, all attorneys' fees incurred in this action by the Defendant.

### SIXTH AFFIRMATIVE DEFENSE

(No Prejudice From Any Minor Procedural Defect)

6. Plaintiff's claims for equitable relief are barred in their entirety because Plaintiff suffered no prejudice for any minor procedural defect that may have occurred during the foreclosure process. Gross inadequacy of the sale price absent some procedural regularity that contributed to such inadequacy or that otherwise caused prejudicial injury to

Plaintiff is legally insufficient to set aside a completed non-judicial foreclosure sale of real property. Knapp v. Doherty, 123 Cal.App.4th 76, 20 Cal.Rptr.3d (Cal. Ct. App. 2004).

### SEVENTH AFFIRMATIVE DEFENSE

(Comparative Negligence)

7. Plaintiff failed to exercise ordinary care in his own behalf with regard to the incident alleged in the 1st Amended Complaint, in that, among other things, Plaintiff knew or should have known about the attendant risks associated with incurring debt which he could not repay.

8. Any injuries or damages sustained by Plaintiff as a result of the incidents referenced in the 1st Amended Complaint were proximately caused by Plaintiff's own negligence. Plaintiff's recovery, if any, from this Defendant must be diminished in proportion to the amount of negligence attributable to Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

(Consent)

9. Plaintiff consented to and approved all of the acts and omissions about which Plaintiff now complains by, inter alia, executing the promissory note, loan agreement, deed of trust and other documents and agreements related to the loan and expressly agreeing to adherence to each term and condition contained therein.

### NINTH AFFIRMATIVE DEFENSE

(In Pari Delicto)

10. All parties herein (Defendant excluded), including the Plaintiff, have unclean hands, invoking this Court's equitable powers to dismiss this action and not aid the parties to an illegal transaction because he is in pari delicto, and to leave the parties where the Court finds them, to settle their differences without its aid.

### TENTH AFFIRMATIVE DEFENSE

(Privileged)

11. Defendant's actions in a nonjudicial foreclosure (i.e., the mailing, publication, and delivery of statutory notices) and the execution of statutory nonjudicial foreclosure procedures are privileged under the qualified, common-interest privilege of Cal. Civ. Code § 47(c) (1).

### ELEVENTH AFFIRMATIVE DEFENSE

(Failure To Tender)

12. All claims are barred because Plaintiff has failed to plead that he tendered the undisputed amount. Since this relief is equitable in nature [Raedeke vs. Gibraltar Savings & Loan Assoc., 10 Cal. 3d 665, 671 (Cal. 1974)], Plaintiff must plead that he either paid, or offered to pay, all undisputed sums due and owing as a condition precedent to each claim or cause of action arising from or related to the foreclosure sale. Karlsen vs. American Savings & Loan Assoc., 15 Cal. App.3d 112, 117 (Cal. Ct. App. 1971). "Equity will not interpose its remedial power in the accomplishment of what… would be nothing but an idly and expensively futile act." Leonard vs. Bank of America National Trust & Savings Assoc., 16 Cal. App. 2d 341, 344 (Cal. Ct. App. 1936).

### TWELFTH AFFIRMATIVE DEFENSE

(Reinstatement/Redemption Rights Foreclosed)

13. Plaintiff's claims for equitable relief are barred in their entirety because Plaintiff's statutory right to reinstate the delinquent mortgage loan and/or to redeem his property have been foreclosed and extinguished under Cal. Civ. Code §§ 2903-2906; Moeller vs. Lien, 25 Cal. App. 4th 822, 830 (Cal. Ct. App. 1994). There is no equitable right of redemption after completion of a non-judicial foreclosure sale.

THIRTEENTH AFFIRMATIVE DEFENSE

(Compliance with Cal. Civ. Code § 2924 et seq.)

14. Plaintiff's claims against this answering Defendant are barred in their entirety because the foreclosure proceedings were handled in accordance with the statutory procedures and requirements prescribed by California Civil Code Section 2924 et seq.

FOURTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

15. Plaintiff's claims against this answering Defendant are barred by the applicable statutes of limitation, including, but not limited to Cal. Civ. Proc. Code §§ 338, 339, 343 and/or 15 U.S.C. § 1640(e); Pacific Shore Funding v. Lozo, 138 Cal. App. 4th 1342, 1355, 42 Cal. Rptr. 3d 283, 292 (Cal. Ct. App. 2006) (Truth-in-Lending Act) and/or other applicable laws.

FIFTEENTH AFFIRMATIVE DEFENSE

(Cal. Civ. Code § 2924l)

16. Pursuant to Cal. Civ. Code § 2924l, Defendant, served and filed its declaration of non-monetary status. No objection was timely served within the 15-day objection period thereafter. On that basis although NDEx is subject to the jurisdiction of this Court, absent further court order, Defendant and NDEx are not subject to damage claims or required to make further appearances including having to respond as a party to discovery.

SIXTEENTH AFFIRMATIVE DEFENSE

(Preemption Under 12 U.S.C. § 1464)

17. To the extent that claims are made, either expressly or implied, for violations of California Civil Code § 2923.5, such claims are preempted by the federal Home Owner's Loan Act under 12 U.S.C. § 1464 because the state law's requirements dealing with contacting the borrower and including a specific declaration in the Notice of Default fall squarely within the scope of HOLA's Section 560.2(b)(10), which deals with the "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in,

mortgages." See Pinales v. Quality Loan Service Corp., 2010 WL 3749427 at *3 (S.D. Cal. Sept. 22, 2010); Parcay v. Shea Mortgage, Inc., 2010 WL 1659369 at *9 (E.D. Cal. Apr.23, 2010) (concluding that HOLA preempts plaintiff's claim based on the alleged violation of § 2923.5); Murillo v. Aurora Loan Servs., LLC, 2009 WL 2160579 at *4 (N.D.Cal. July 17, 2009).

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Reservation of Right)

18. Defendant reserves the right to rely on any and all further affirmative defenses that become available or appear during discovery proceedings in this action, and Defendant reserves the right to amend this Answer for the purpose of asserting any such additional affirmative defense.

### III.

### **PRAYER FOR RELIEF.**

WHEREFORE, Defendant prays for judgment against Plaintiff on his 1st Amended Complaint as follows:

FOR ALL CAUSES OF ACTION

1. That Plaintiff take nothing by way of his 1st Amended Complaint and that this action be dismissed against Defendant with prejudice;

2. For costs of suit incurred herein;

3. For reasonable attorneys' fees; and,

For such other and further relief as the court deems just and proper.

Dated: October 25, 2010

BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP


By: s/Thomas K. Agawa, Esq. [SBN 175952]
  EDWARD A. TREDER
  THOMAS K. AGAWA
  Attorneys for Defendant NDeX WEST, LLC

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I, Thomas K. Agawa, hereby certify that on October 25, 2010, a true and correct copy of **DEFENDANT NDeX WEST, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** was filed electronically and is available for viewing and downloading from the ECF system.

    Unless otherwise noted herein, the following parties are deemed to have consented to electronic service of documents filed through the ECF system:

| Plaintiff in Pro Se | Attorneys for Defendants Wachovia Mortgage & Wells Fargo Bank, FSB |
|---|---|
| Christopher J. Solberg<br>1966 Mohawk Drive<br>Pleasant Hill, CA 94523<br>T: (510) 932-5252<br>E: maricopaa@sbcglobal.net | Mark Tyler Flewelling , Esq.<br>Michael Rapkine, Esq.<br>ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP<br>199 South Los Robles Avenue<br>Suite 600<br>Pasadena, CA 91101<br>626-535-1900<br>Fax: 626-577-7764<br>Email: mtf@afrct.com |

Executed on October 25, 2010, at Diamond Bar, California.

I declare under penalty of perjury under the laws of the United States of California that the above is true and correct.

*Thomas K. Agawa*

                                                           Thomas K. Agawa, Esq.