1

2

3                          UNITED STATES DISTRICT COURT

4                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

5                                  OAKLAND DIVISION

6

7    CHRISTOPHER J. SOLBERG,                    Case No:  C 10-4600 SBA

8              Plaintiff,                       **ORDER REMANDING ACTION**

9         v.

10   NDEx West, L.L.C.; WACHOVIA
     MORTGAGE; WELLS FARGO BANK,
11   FSB; and DOES 1 through 20, inclusive,

12             Defendants.

13

14         Plaintiff Christopher J. Solberg, acting pro se, brings the instant action against

15   Defendants NDEx West, L.L.C. ("NDEx"), Wachovia Mortgage ("Wachovia"), and Wells

16   Fargo Bank, FSB, alleging state law causes of action which arise from the foreclosure of

17   real property located in Moraga, California.  Defendant Wachovia, joined by NDEx,

18   removed the action on the basis of diversity jurisdiction, 28 U.S.C. § 1332.  Because

19   diversity jurisdiction appears to be lacking, the Court remands the action to state court.

20   **I.     BACKGROUND**

21         **A.     FACTUAL SUMMARY**

22         In or about 2007, Leslie Lou Kish ("Kish"), who is not a party to this action, owned

23   property located at 2135 Ascot Dr., #7, Moraga, California ("the Property").  First Am.

24   Compl. ("FAC") ¶¶ 1, 8, Dkt. 9.  Kish entered into a negative amortization mortgage with

25   Wachovia, which was secured by a Deed of Trust.  Id. ¶ 8.  On April 9, 2007, Kish

26   allegedly "signed a 2nd note and deed of trust … in favor of Plaintiff."  Id. ¶ 10.

27

28

On May 9, 2010, Plaintiff began the foreclosure process by recording a Notice of Default against the Property.  Id.  According to Plaintiff, he acquired the property from Kish on August 30, 2010, through a trustee's sale.  Id.

On May 29, 2010, Defendants commenced separate foreclosure proceedings and recorded a Notice of Default on the Property.  Id. ¶ 12.  On August 31, 2010, Plaintiff received a copy of a Notice of Trustee's sale, which had been issued by NDEx.  Id. ¶ 14.  Plaintiff contacted NDEx and Wells Fargo Bank, FSB, which informed him that he had "no standing" to challenge the foreclosure.  Id. ¶¶ 14-17.  On September 27, 2010, Defendants foreclosed on the Property pursuant to the first Deed of Trust.  Id. ¶ 25.

### B.    PROCEDURAL HISTORY

On September 13, 2010, Plaintiff commenced the instant action against Defendants NDEx, Wachovia and Wells Fargo Bank, FSB, in Contra Costa County Superior Court. The Complaint asserts four causes of action for:  (1) Fraud; (2) Improper Procedures; (3) Bad Faith; and (4) Disputed Obligations – Misrepresentation.  Plaintiff avers that NDEx is "headquartered and domiciled in Addison, Texas."  Compl. ¶ 3, Dkt. 1-1.  He does not allege the citizenship of Wachovia or Wells Fargo Bank, FSB, stating instead that their "form [was] unknown."  Id. ¶¶ 4-6.

On October 12, 2010, Wachovia, identifying itself as "a division of Wells Fargo Bank, N.A.," removed the action on the basis of diversity jurisdiction.   Notice of Removal, Dkt. 1.  While the Notice of Removal alleges that Wachovia is a citizen of South Dakota, and that NDEx is "a Delaware limited liability company headquartered in Addison, Texas," Notice of Removal ¶¶ 3-4, the citizenship of Wells Fargo Bank, FSB, is not alleged. Instead, the caption of the Notice of Removal purports to state that that Wachovia was "erroneously named as 'Wells Fargo Bank, FSB.'"  Id. at 1.  NDEx separately filed a joinder in the removal.  Dkt. 2.

On October 19, 2010, Plaintiff filed a First Amended Complaint ("FAC").  Dkt. 8. The FAC names the same three Defendants as in the original Complaint, but includes

1   additional factual allegations, adds a cause of action for breach of contract and omits the

2   claim styled as Disputed Obligations – Misrepresentation.

3        On January 18, 2011, Plaintiff filed a motion, ostensibly under Federal Rule of Civil

4   Procedure 15(a) and 28 U.S.C. § 1447(e), to substitute "'Wells Fargo & Company' as a

5   defendant in place of the erroneously named defendant, Wells Fargo Bank, FSB". Pl.'s

6   Mot. at i.  Plaintiff also seeks to join Wells Fargo Bank N.A., as a defendant. Id.  Finally,

7   Plaintiff seeks an order remanding the action to state court on the grounds that Wells Fargo

8   Bank N.A., Wells Fargo & Company and Plaintiff are, for purposes of diversity

9   jurisdiction, citizens of California. Id.

10  **II.    DISCUSSION**

11       Before turning to the merits of Plaintiff's motion, the Court first examines whether

12  the action was removable in the first instance. See S. Pac. Transp. Co. v. City of Los

13  Angeles, 922 F.2d 498, 502 (9th Cir. 1990) (noting that federal courts have a sua sponte

14  duty to examine jurisdiction before proceeding to the merits of a case).  "Federal courts are

15  courts of limited jurisdiction.  They possess only that power authorized by Constitution and

16  statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins.

17  Co. of Am., 511 U.S. 375, 377 (1994).  The court is presumed to lack jurisdiction unless the

18  contrary appears affirmatively from the record. DaimlerChrysler Corp. v. Cuno, 547 U.S.

19  332, 342 n.3 (2006).  "Federal jurisdiction must be rejected if there is any doubt as to the

20  right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.

21  1992).  The party seeking removal bears the burden of establishing grounds for the exercise

22  of federal jurisdiction. Cal. ex rel. Locker v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir.

23  2004).

24       "A defendant may remove an action originally filed in state court only if the case

25  originally could have been filed in federal court." In re NOS Commc'ns, MDL No. 1357,

26  495 F.3d 1052, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 1441(a), (b)).  "The basic statutory

27  grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and

28  1332." Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006).  Section 1331 confers federal

1  question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of

2  the United States."  28 U.S.C. § 1331.  Under § 1332, district courts have diversity

3  jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value

4  of $75,000, exclusive of interest and costs, and is between ... citizens of different States."

5  28 U.S.C. § 1332(a).  A case is "not removable" on the basis of diversity jurisdiction unless

6  the requisite jurisdictional facts are apparent from the face of the complaint.  Harris v.

7  Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005) (holding that removability is

8  determined from "the four corners of the applicable pleadings").

9       In the instant case, the Complaint filed by Plaintiff in state court was not removable.

10  The Complaint alleges that NDEx "is a business formed as a limited liability company,

11  headquartered and domiciled in Addison, Texas."  Compl. ¶ 4.  Wachovia repeats this

12  averment in its Notice of Removal.  Notice of Removal ¶ 4 ("Defendant NDEx West, LLC

13  is a Delaware limited liability company headquartered in Addison, Texas.").  The

14  "headquarters" of a limited liability company is not germane for purposes of determining

15  its citizenship.  Unlike the citizenship of a natural person, the citizenship of a limited

16  liability company or other unincorporated entity is the citizenship of its members.  See

17  Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("We …

18  hold that, like a partnership, an LLC is a citizen of every state of which its owners/members

19  are citizens.").  Here, neither the Complaint nor the Notice of Removal identifies any of

20  NDeX's members or provides any facts regarding their citizenship.  As a result, Wachovia

21  had no basis upon which to remove the action.  See Harris, 425 F.3d at 694; see also

22  Deckard v. Wachovia Mortg., No. CV 10-2464 PA (AGRx), 2010 WL 1444569, at *1

23  (C.D. Cal. April 7, 2010) (allegation in Notice of Removal that "[NDEx is a] Delaware

24  limited liability company headquartered in Addison, Texas" failed to meet defendant's

25  burden of demonstrating removal jurisdiction).

26       Likewise, the Complaint was not removable due to the paucity of jurisdictional facts

27  regarding Wachovia or Wells Fargo Bank, FSB.  The Complaint alleges no information

28  regarding the citizenship of Wachovia, which Plaintiff merely describes as a "form

1   unknown, headquarters and domicile unknown."  Compl. ¶ 4.  As to Wells Fargo Bank,

2   FSB, the pleadings allege that it "is a business operating in Contra Costa County,

3   California, form unknown, headquarters and domiciled at 420 Montgomery Street, San

4   Francisco, CA  94104."  Id. ¶ 5.  Since the citizenship of neither of these parties is alleged,

5   the Complaint was not removable.  See Harris, 425 F.3d at 694 ("if no ground for removal

6   is evident in the pleading, the case is not removable at that stage.").

7           Moreover, the Notice of Removal also fails to allege grounds for removal.  "Absent

8   unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to

9   allege affirmatively the actual citizenship of the relevant parties."   Kanter v. Warner-

10  Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  Although the Complaint names NDEx,

11  Wachovia and Wells Fargo Bank, FSB, the Notice of Removal filed by Wachovia only

12  purports to address its and NDEx's citizenship.  Notice of Removal ¶ 3, 4.  Wachovia offers

13  no allegations whatsoever regarding the citizenship of Wells Fargo Bank, FSB.  Indeed, the

14  only mention of this particular Defendant appears on the caption page of the Notice of

15  Removal, below the name and address of defense counsel, where it appears as follows:

16
17              Mark T. Flewelling (#96465)
                  mflewe1ling@frct.com
                Michael Rapkine (#222811)
18                mrapkin@afrct.corn
                ANGLIN, PLEWELLING, RASMUSSEN
19                CAMPBELL & TRYTTEN LLP
                199 South Los Robles Avenue, Suite 600
20              Pasadena, California  91101
                Tel:  626.535.1900  Fax: 626.577.7764
21
                Attorneys for Defendant,
22              Wachovia Mortgage, a division of Wells Fargo Bank N.A.
                (erroneously named "Wachovia Mortgage" and "Wells Fargo
23              Bank, FSB") ("Wachovia")

24  Notice of Removal at 1 (emphasis added).  To the extent that Wachovia's position is that

25  Wells Fargo Bank, FSB, is not an actual entity or that its citizenship otherwise should be

26  disregarded for purposes of removal jurisdiction, it was incumbent on Wachovia to allege

27  such facts in the body of its Notice of Removal.  Wachovia's ambiguous reference to

28  "Wells Fargo Bank, FSB" in stating the appearance of its counsel plainly is insufficient to

1  establish diversity jurisdiction.   See Kanter, 265 F.3d at 857 ("failure to specify state

2  citizenship [is] fatal to [an] assertion of diversity jurisdiction.").

3  **III.    CONCLUSION**

4          For the reasons stated above,

5          IT IS HEREBY ORDERED THAT, pursuant to 28 U.S.C. § 1447(c), the instant

6  action is REMANDED to the Superior Court of California, County of Contra Costa.

7  Plaintiff's motion to substitute and join parties is DENIED as moot.  The Clerk shall close

8  the file and terminate any pending matters.  The hearing scheduled for April 5, 2011, is

9  VACATED.

10         IT IS SO ORDERED.

11 Dated: March 30, 2011                          _____

12                                                 SAUNDRA BROWN ARMSTRONG
                                                   United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

SOLBERG et al,

        Plaintiff,

  v.

NDEX WEST, LLC. et al,

        Defendant.

_____/

Case Number: CV10-04600 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 31, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Christopher J. Solberg
1966 Mohawk Drive
Pleasant Hill,  CA 94523

Dated: March 31, 2011

        Richard W. Wieking, Clerk

          By: LISA R CLARK, Deputy Clerk

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28